UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                       :

ALVAREZ & MARSHAL GLOBAL FORENSIC  :
AND DISPUTE SERVICES, LLC,         :
                                     Plaintiff,     :          14 Civ. 290 (JPO)
                                                  :
                   -v-                      :          OPINION AND ORDER
                                                  :
ETHAN COHEN-COLE,                  :
                                  Defendant.  :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       This action was filed by Plaintiff Alvarez & Marshal Global Forensic and Dispute Services, LLC ("A&M") in New York Supreme Court, New York County. Defendant Ethan Cohen-Cole ("Cohen-Cole") removed the action, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A&M seeks remand based on lack of diversity jurisdiction and further seeks an award of attorney's fees and costs for the improper removal under 28 U.S.C. § 1447(c). This matter was heard by order to show cause on February 11, 2014.

       For the reasons that follow, the Court orders that the action be remanded to state court and grants an award of reasonable fees and costs.

**I.     Jurisdiction**

       "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (citation omitted). This Court must "resolve[] any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). Because Cohen-Cole is a citizen of California, diversity would be destroyed if *any member* of the Plaintiff LLC were a citizen of California. A&M has submitted two declarations demonstrating that Xavier Oustalniol is both a member of the Plaintiff LLC and is a citizen of California. A&M has also submitted to the Court for *in camera* review (though it did not provide to Cohen-Cole) a copy of A&M's LLC Operating Agreement, which further establishes that Mr. Oustalniol is both a member of the Plaintiff LLC and a citizen of California. Cohen-Cole has not pleaded facts or submitted evidence establishing the Plaintiff LLC does not have any members who are citizens of California.

Accordingly, this Court lacks jurisdiction and this case must be remanded to state court.

## II.     Fees for Improper Removal

A&M requests an award of its attorney's fees and costs incurred in defending against Cohen-Cole's removal of this action, pursuant to 28 U.S.C. § 1447(c). Under that statute, courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In assessing whether Cohen-Cole had an "objectively reasonable basis" for removal, the Court must bear in mind that it is the removing party's burden to allege—and if challenged, to establish—the jurisdictional basis for removal.

The Court begins with the notice of removal itself. Cohen-Cole's notice of removal, filed on January 15, 2014, contained the following allegations regarding subject matter jurisdiction:

> This action is between citizens of different states.  As Plaintiff alleges in the [state court] Complaint, Plaintiff is a limited liability company organized under the laws of Delaware, with its principal place of business in New York.  *See* Complaint, ¶ 6.  Defendant is an individual residing in the State of California.  *See* Complaint, ¶ 7.

Of course, the first sentence does not follow from the second and third sentences, because Plaintiff is an LLC.  Indeed, the facts that the LLC is "organized under the laws of Delaware" and has "its principal place of business in New York" are irrelevant to jurisdiction:  they say nothing about an LLC's citizenship for purposes of 28 U.S.C. § 1332.  That is because an LLC has the citizenship of each of its members for diversity jurisdiction purposes.  This has been clearly established law in the Second Circuit for over a decade—at least since the Circuit's *Handelsman* decision in 2000.  The fact that lawyers in this District (and other districts) frequently confuse the issue of citizenship of LLCs and LLPs does not render "objectively reasonable" these insufficient allegations of diversity.  *See MTC Dev't Group, LLC v. Lewis*, 2011 WL 5868236, *3-5 (N.D. Ill. 2011).

It is possible that Cohen-Cole and/or his counsel assumed or believed that none of the members of A&M was a citizen of California (although the removal petition did not make any such allegation).  Counsel for Cohen-Cole states that the removal "was based upon the allegations A&M raises in its [state court] Complaint, Mr. Cohen-Cole's recollection of A&M's operations and a search of publicly available documents related to A&M's corporate status, in New York, Delaware and California."  (Dkt. No. 20, at ¶ 5.)  As is often the case with respect to LLCs, however, publicly available state court records did not provide a complete list of the Plaintiff LLC's members and their citizenship.  An assumption based on incomplete jurisdictional facts does not make the assertion of diversity jurisdiction objectively reasonable, and it is the removing party's burden to allege (and if challenged, to establish) the factual basis

for jurisdiction. It would be a closer question if the removal petition had alleged (even "on information and belief") that "no member of the Plaintiff LLC is a citizen of California." But the removal petition here contained no such allegation.

Immediately following the removal filing on January 15, 2014, counsel for A&M informed counsel for Cohen-Cole by e-mail that diversity jurisdiction was lacking because one of A&M's members is a California citizen. Counsel for Cohen-Cole asked for "some documentary proof." The next day, January 16, counsel for A&M provided a declaration from Mr. Oustalniol averring that he is both a member of the Plaintiff LLC and a resident of California. Counsel for Cohen-Cole insisted on a copy of the LLC's Operating Agreement, suggesting that there were anomalies in the proof (a member certificate provided with Mr. Oustalniol's declaration contained the name of a different entity, apparently reflecting a previous name). Counsel for A&M declined to provide the LLC's Operating Agreement, citing confidentiality concerns.

The evidence in the form of Mr. Oustanliol's sworn declaration should have been sufficient to establish a lack of diversity, particularly in the absence of any evidence or specific factual allegations (beyond assumptions) supporting diversity. *See, e.g., Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Thus, even if Cohen-Cole had had an objectively reasonable basis for alleging jurisdiction at the outset, he lacked an objectively reasonable basis to continue to refuse to consent to a remand in the face of that evidence. This is particularly so in light of the fact that it is the burden of the removing party, not the plaintiff, to establish jurisdiction.

The Court does not find that any party acted in bad faith here, and the Court is mindful of the difficulties presented by the need to support diversity jurisdiction with respect to LLCs and LLPs—whose members and partners are often elusive and rarely made public. The removal

statute provides a powerful tool, allowing a party, as in this case, to immediately move a case to federal court and thereby avoid an imminent state court proceeding that it might wish to avoid. No party should be faulted for using that tool—so long as it has a sufficient basis for doing so. The fee-shifting statute ensures that that tool will be exercised with care by requiring fees to be paid when removal is effected without an objectively reasonable basis. The Court concludes that such a basis was lacking here.

### III.   Conclusion

This case is hereby REMANDED to New York Supreme Court for New York County.

Plaintiff's motion for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is GRANTED. Plaintiff's petition for fees and costs shall be filed on or before March 5, 2014. Defendant's response shall be filed on or before March 19, 2014. Plaintiff's reply shall be filed on or before March 26, 2014.

This Court retains jurisdiction solely for the purpose of acting on Plaintiff's motion for an award of fees and costs.

The Clerk is directed to close any pending motions as moot.


SO ORDERED.


Dated: February 19, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge